White v. Guinn.

---

. No. 24,845.

ORVILLE WHITE, *Appellee,* v. C. S. GUINN et al., *Appellant.*

SYLLABUS BY THE COURT.

AUTOMOBILE—*Left with Dealer to be Sold for Him—Car Sold—Proceeds Wrongfully Appropriated by Dealer's Partner—Partner's Liability to Plaintiff.* It is held that a judgment for the plaintiff was justified under these circumstances: The plaintiff left an automobile with a dealer to be sold for him. The dealer took in the defendant as a partner, and told him about this car. Later the partnership was dissolved, the original owner of the business continuing to run it. The bookkeeper in charge sold the car, receiving a note of a third person as part payment. The defendant, by arrangement with the bookkeeper, received and kept the note (the history of which he knew and which he later collected) as satisfaction of a debt owing to him by the owner of the business. The plaintiff sued the defendant for the amount of the note.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed January 12, 1924. Affirmed.

*R. C. Russell,* of Great Bend, and *F. Dumont Smith,* of Hutchinson, for the appellant.

*W. J. Weber, William Osmond, T. B. Kelly,* and *E. C. Cole,* all of Great Bend, for the appellee.

The opinion of the court was delivered by

MASON, J.: Orville White brought this action against C. S. Guinn and others for the proceeds of an automobile belonging to him, which had been sold. He recovered judgment and Guinn appeals.

The evidence tended to show these facts: On February 15, 1920, White left the car with P. E. Carter to be sold for him for $375. Carter was then engaged in the automobile business alone, but told White he was about to take in Guinn as a partner. This partnership was formed and continued until November 15, 1920. During the partnership Carter told the defendant that the car had been left with him by the plaintiff for sale. On March 3, 1921, the car was sold by the bookkeeper, who seemed to be in charge of the business, and who gave a bill of sale in the name of both Carter and Guinn. The sale was made for $28 in cash and the note of a stranger to the transaction for $347, which was later paid. Guinn, who knew of the deal for the sale of the car, received the note from the bookkeeper and kept it as payment upon indebtedness due to him from Carter growing out of the affairs of the partnership. The jury found, in answer to special questions, that the car was delivered to Carter in the spring of 1920; that it never became the property of the partnership; that the bookkeeper was never a partner of Guinn; and that the bookkeeper as such represented Guinn when he sold the car, and had power to execute the bill of sale.

The plaintiff contends that Guinn is liable as a partner, no notice of the dissolution having been given, and also that independent of the partnership he is liable because of having personally wrongfully appropriated the proceeds of the plaintiff's car. Only the second proposition need be considered.

The defendant invokes the rule that one who receives the proceeds of property wrongfully sold by another, belonging to a third person, is not himself guilty of conversion. (28 A. & E. Encyc. of L. 700; 38 Cyc. 2019, 2020.) That is not the situation here presented. The car was not wrongfully sold. It was left by the plaintiff for the very purpose of being sold. He is making no complaint of its having been sold for the note instead of for cash. The wrongful conversion was of the proceeds. The proceeds of the sale of the car belonged to the plaintiff, not to the partnership or to Carter. The defendant—so the jury must be deemed to have

found—knew the note he received was a part of the proceeds of the car belonging to the plaintiff. Even if he supposed the car belonged to Carter, who owed him, this could not affect the rights of the real owner unless the mistake was due to some negligent conduct on his part, and if such an issue was presented it must be regarded as having been determined in favor of the plaintiff. Under the verdict and findings the defendant received proceeds of the sale belonging to the plaintiff and was properly required to make restitution.

The judgment is affirmed.